Filed 6/11/26  In re E.W. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

---

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

---

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re E.W., a Person Coming Under the Juvenile Court Law. | |
| S.D. COUNTY HEALTH & HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>J.S.,<br><br>    Defendant and Appellant. | D087200<br><br>(Super. Ct. No. J521565) |

APPEAL from a judgment of the Superior Court of San Diego County, Daniela A. Reali-Ferrari, Judge.  Affirmed.

Amy Z. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Damon M. Brown, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, Natasha Edwards, Deputy County Counsel, for Plaintiff and Respondent.

J.S. (Father) appeals a judgment following a contested adjudication and disposition hearing where the juvenile court denied him reunification services because it found by clear and convincing evidence that Father had been convicted of violent felonies. (Welf. & Inst. Code, § 361.5, subd (b)(12)[1].) The sole issue on appeal is whether the San Diego County Health and Human Services Agency (Agency) met its burden to establish Father's violent felony convictions to allow the court to bypass reunification services. Father contends a social worker's detention report containing his criminal history and an addendum attaching a criminal complaint alleging two prior violent felony convictions did not amount to reliable substantial evidence to support the court's findings. We conclude the social worker's report of Father's criminal background, as provided by the Department of Justice, was reliable evidence to support the court's findings. We, therefore, affirm the judgment.

BACKGROUND

Minor E.W. was detained after birth because he and his mother tested positive for amphetamine, methamphetamine, and fentanyl and E.W. experienced withdrawal symptoms. Father was incarcerated at the time of E.W.'s birth, pending murder charges.

In the February 2025 detention report, the social worker stated she contacted the Department of Justice for criminal background checks for both parents. She listed Father's criminal history as provided by the Department of Justice. Father's lengthy criminal history included a sentence of two years in prison for robbery in August 2022 and a sentence of four years in prison in 2011 for another robbery.

---

[1]    Undesignated statutory references are to the Welfare and Institutions Code.

According to the March 2025 jurisdiction and disposition report, Father admitted his prior "arrests were for robbery, possession of a dirk or dagger, and possession of ammunition." He told the social worker he served several terms in prison: one year the first time, four years the second time, 22 months the third time, and 17 to 18 months the fourth time.

In May 2025, the Agency recommended the court not offer Father reunification services due to his convictions of two prior violent felonies. The addendum report attached the amended complaint in Father's pending murder case in which the People alleged he suffered two prior serious felony convictions for robbery which qualified as strike priors.

At a pretrial hearing in July 2025, Father objected to the Agency's recommendation to bypass Father for reunification services and requested a trial on the contested issue.

The Agency again informed Father in September 2025, both in writing and in person, of its recommendation to bypass reunification services for him based on his conviction of a violent felony. Father said he was convicted of "burglary." He acknowledged he was informed in court of the Agency's recommendation. He did not have any questions for the court.

At the contested adjudication and disposition hearing on September 25, 2025, the court admitted the Agency reports, including the detention report, without objection. A social worker was available, but no party cross-examined her.

Father's counsel argued the Agency did not meet its burden to prove his convictions of a violent felony by clear and convincing evidence. Although Father's counsel acknowledged robbery is a conviction that would qualify for bypass, counsel questioned the accuracy of the records obtained from the Department of Justice. Counsel stated there were no certified court records

of Father's convictions and the complaint attached to the May 2025 addendum was only a charging document with allegations of the prior convictions.

After considering the evidence and arguments, the court determined there was clear and convincing evidence that Father was convicted at least twice of robbery, which is defined as a violent felony under Penal Code section 667.5, subdivison (c).  The court referred to the criminal history in the detention report and the amended complaint.  The court bypassed services under Welfare and Institutions Code section 361.5, subdivision (b)(12), and further stated there was no evidence that reunification services would be in the minor's best interest.  Father appealed.

DISCUSSION

Generally, when a child is removed from the parents' custody, section 361.5, subdivision (a), requires the juvenile court to order reunification services to the parents in an effort "to 'eliminate the conditions leading to loss of custody and facilitate reunification of parent and child' " as well as to further the goal of preserving the family, when possible.  (*Jennifer S. v. Superior Court* (2017) 15 Cal.App.5th 1113, 1120 (*Jennifer S.*).)  The court need not provide reunification services, however, if it finds by clear and convincing evidence that a statutory exception, or bypass provision, listed in section 361.5, subdivision (b), applies.  (*Jennifer S.*, at p. 1121.)  "When the court determines a bypass provision applies, the general rule favoring reunification is replaced with a legislative presumption that reunification services would be ' "an unwise use of governmental resources." ' "  (*In re Allison J.* (2010) 190 Cal.App.4th 1106, 1112 (*Allison J.*).)

We review an order denying reunification services for substantial evidence.  (*Jennifer S., supra*, 15 Cal.App.5th at p. 1121.)  We do not reweigh

4

evidence, but we " 'review the entire record in the light most favorable to the trial court's findings to determine if there is substantial evidence in the record to support those findings[ ]' " while bearing in mind "the higher standard of proof required in the court below when reunification bypass is ordered." (*Id.* at p. 1122.)

One of the bypass provisions, section 361.5, subdivision (b)(12), allows the court to deny reunification services where the parent "has been convicted of a 'violent felony' within the meaning of Penal Code section 667.5, subdivision (c). [Citations.] . . . Robbery is a 'violent felony' pursuant to Penal Code section 667.5, subdivision (c)(9)." (*Allison J., supra,* 190 Cal.App.4th at p. 1112.)

Father solely contends the evidence presented by the Agency was insufficient to establish by clear and convincing evidence that Father was convicted of robbery. We disagree.

At the jurisdictional phase, the social study prepared by the social worker is admissible, along with hearsay evidence contained in the study, so long as the social worker is available for cross-examination. (Welf. & Inst. Code, § 355, subd. (b).) If a parent objects to specific hearsay contained in the social study, that hearsay may not be sufficient by itself to support a jurisdictional finding. But an exception to this rule is when the hearsay is provided by a peace officer or a licensed social worker. (*Id.*, subd. (c)(1)(C).) Under Penal Code section 830.1, subdivision (b), special agents and investigators of the Department of Justice are peace officers.

At the dispositional stage, the court may receive the reports of the social worker without the need for cross-examination and hearsay is not objectionable so long as the evidence is otherwise reliable. (*In re Madison T.* (2013) 213 Cal.App.4th 1506, 1509–1510.) The juvenile court here made both

5

jurisdictional and dispositional findings at the contested hearing, with the bypass of services as part of the findings for disposition.

We conclude the evidence of Father's criminal history obtained by the social worker from the Department of Justice is reliable. The Department of Justice is required by statute to maintain a state summary of criminal information. (Pen. Code, § 11105, subd. (a)(1) and (a)(2)(A).) Superior court clerks must certify and submit records related to criminal convictions for entry into the Department of Justice's computer system. (Gov. Code, § 69844.5.) The Department of Justice must furnish the summary of criminal information to county child welfare agency personnel who have been delegated authority to access the information for purposes of investigating a child within the jurisdiction of the juvenile court. (Pen. Code, § 11105, subd. (b)(18).)

In the criminal context, the Supreme Court concluded uncertified records from the Department of Justice satisfied the requirements for the official records exception to the hearsay rule based on the statutory duties of courts and law enforcement agencies to timely report criminal information and the Department of Justice's duties to collect and make available the reported information. (*People v. Martinez* (2000) 22 Cal.4th 106, 125–128.)

Thus, the criminal history obtained by the social worker from the Department of Justice under its statutory obligations reliably establishes Father was convicted of at least two robberies and was sentenced for those convictions. Father did not cross-examine the social worker and offered no affirmative evidence in response to the criminal information in the report. Father admitted he was arrested for robbery even though he did not specifically admit to a robbery conviction. He also admitted to the social worker that he served a term of four years in prison, which is consistent with

6

the criminal history provided by the Department of Justice that he was sentenced to four years in prison for robbery. For these reasons, we conclude there is substantial evidence to support the court's determination that Father should not be provided with reunification services based on the finding by clear and convincing evidence that he was convicted of robbery, a violent felony.

Given our conclusion, we do not reach the issue of whether a felony complaint alleging prior convictions is sufficient evidence for purposes of bypass. Likewise, we do not reach appellant's alternative contention that bypass for an incarcerated parent would not be appropriate under section 361.5, subdivision (e)(1), because there was no substantial evidence reunification services would be detrimental to the child.

DISPOSITION

The judgment is affirmed.


O'ROURKE, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.